IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-225-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH LAMONT BRONSON | ) | |

This matter is before the court on the government's motion to revoke the magistrate judge's prior order releasing defendant on conditions. (DE 35). Defendant responded in opposition to the motion. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the government's motion is granted.

## BACKGROUND

On May 31, 2019, the grand jury returned a true bill of indictment against defendant, charging him with possession with intent to distribute a quantity of cocaine, cocaine base, and marijuana; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. Defendant was arrested on the foregoing charges on August 21, 2019. Defendant's initial appearance was held two days after his arrest, at which time defendant was appointed counsel and temporarily detained pending detention hearing. Four days later, defense counsel filed a motion for psychiatric examination and motion for competency hearing on defendant's behalf. Following hearing on May 13, 2020, defendant was determined competent to stand trial. Shortly thereafter, the court held detention hearing on May 28, 2020. The court considered the testimony of Lee Bronson and Mary Alice Bronson, defendant's parents and proposed third-party custodians; Antwan Lilly, defendant's friend and former roommate; and

Thomas Tew, task force officer with the Drug Enforcement Administration. The court received into evidence exhibits from Lilly demonstrating the firearm in defendant's residence belonged to him. The court also considered the pretrial services report prepared by the United States Probation Office. After receiving evidence and hearing argument from the parties, the magistrate judge ordered that defendant be released to home confinement, except for medical necessities and court appearances. The instant motion followed.

## COURT'S DISCUSSION

A.     Standard of Review

If a person is ordered released by a magistrate judge pending trial, the attorney for the government may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(a). The district court conducts a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333–34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id. at 333.

In determining whether there are conditions of release, pursuant to 18 U.S.C. § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
    (2) the weight of the evidence against the person;
    (3) the history and characteristics of the person, including –

2

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). It is only when the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," that it must order the detention of the defendant before trial. Id. § 3142(e)(1). "Subject to rebuttal by the [defendant]," the court presumes detention pending trial is required under § 3142(e)(1) if the court finds probable cause to believe the defendant committed a controlled substances offense with a maximum term of imprisonment of ten years or more, or an offense under 18 U.S.C. § 924(c). Id. § 3142(e)(3)(A), (e)(3)(B).

The burden of proof is on the government to demonstrate by a preponderance of the evidence that detention is necessary to assure the appearance of the defendant, United States v. Stewart, 19 F. App'x 46, 48–49 (4th Cir. 2001) (unpublished), or to demonstrate by clear and convincing evidence that defendant poses a danger to the community, 18 U.S.C. § 3142(f). "Even in a presumption case, the government retains the ultimate burden of persuasion" to show that detention is warranted. United States v. Mattis, 963 F.3d 285, 291 (2d Cir. 2020).

B.  Analysis

Based upon the controlled substance and § 924(c) charges for which defendant is indicted, the court begins with the presumption that detention is required in the instant case due to the seriousness of the offenses. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The testimony offered by the government at detention hearing further establishes that the evidence

3

against defendant is strong as to the offenses charged.

Turning to defendant's history and characteristics, defendant's criminal history weighs heavily in favor of detention. He has 19 convictions in state court over a 15-year period, including multiple felony convictions for controlled substance offenses and several convictions for violent crimes. Defendant is recidivist considered to be a "habitual felon" under North Carolina law. See N.C. Gen. Stat. § 14-7.3; State v. Patton, 342 N.C. 633, 634–36 (1996). When placed on post-supervision release on state charges as recently as 2013, defendant committed violations for failing to pay supervision fees, failing to pay court-ordered restitution, failing to report to his probation officer as directed, having contact with known drug users, and possessing an unauthorized controlled substance. And, in addition to his convictions and a litany of other dismissed charges, defendant has a history of resisting arrest — including in the instant case locking himself in his residence and attempting to kick law enforcement officers taking him into custody on related state charges. Similarly, the United States Marshals Service had to carry defendant out of his residence to effectuate defendant's arrest on the instant charges. Defendant has previously failed to appear for at least one court proceeding. In sum, defendant has demonstrated a thorough disregard for the law over many years.

Turning to other relevant factors, defendant has not identified any salient employment history or financial resources demonstrating his ties to the community and counseling in favor of supervised release. Although defendant has family and other ties to the Fayetteville community dating back to 1979, those ties have repeatedly proven insufficient to prevent defendant from engaging in the many criminal acts described above. Furthermore, while defendant's parents are reputable citizens with distinguished service to this country, they also acknowledge defendant has

4

previously concealed any criminal behavior from them and that they had never previously involved themselves in defendant's prior court proceedings.

Defendant's physical and mental condition provides some support for his position that he should be released from custody pending trial of the instant matter. He presently requires kidney dialysis treatment three days a week, which requires him to remain in the community where he receives treatment. Failure to receive such treatment is life threatening, and defendant has previously been adversely affected while in custody when he has not timely received such treatment. Further, defendant has informed law enforcement several times of his medical conditions, demonstrating awareness of the severity of his condition. However, the court notes that defendant has been undergoing dialysis treatment since 2006, that defendant committed several probation violations in 2013 while on post-release supervision, and that the criminal conduct for which he is charged occurred in 2018.

Defendant raises several arguments in support of pretrial release, none of which are persuasive. Defendant argues that the charges against him are not serious, relying upon testimony of defendant's former housemate Antwan Lilly that the firearm defendant is accused of possessing belongs to Lilly. Lilly's testimony does not meaningfully rebut the government's case, where ownership is not a necessary condition for a possession conviction. See United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009) (explaining that the jury may consider as one of several factors in a § 924(c) case whether the status of possession is legitimate or illegal).

Defendant concedes that he has a history of drug convictions but argues that his criminal history is scarce on assaultive or violent behavior. As an initial matter, defendant's persistent controlled substance offenses alone are sufficient proof of the danger defendant poses to the

community.  See, e.g., United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010); United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989); United States v. Manso-Portes, 838 F.2d 889, 890 (7th Cir. 1987); United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985).  Moreover, defendant's criminal history and behavior towards law enforcement in connection with the instant offenses reflect assaultive tendencies the court cannot ignore.  Defendant's attempt to minimize his criminal history is unpersuasive.

Defendant further argues that his parents are reputable third-party custodians and they testified that defendant would obey their house rules.  While the court appreciates the Bronson's efforts to intercede on their son's behalf, including the thoughtful accommodation they seek to provide and their pledge to report any unlawful activity by defendant, such testimony does not assuage the court's concern that defendant will commit more controlled substance offenses if released from custody.

Finally, defendant argues that he is not a flight risk due to his medical conditions.  However, the court does not ground its decision today on whether defendant is a flight risk, but whether defendant presents a danger to the community.

Considering the record before it and all pertinent factors mandated by law, the government has carried its burden of showing by clear and convincing evidence that defendant poses a danger to the community.  Among other things, the seriousness of the charges against defendant, the strength of the evidence against defendant, his extensive criminal history, and his conduct resisting law enforcement all demonstrate to the court no condition or combination of conditions will reasonably assure the safety of community.

## CONCLUSION

Based on the foregoing, the order of the magistrate judge denying the government's motion for pretrial detention and setting conditions of release was in error. The government's motion to revoke the magistrate judge's prior order releasing defendant on conditions (DE 35) is GRANTED. IT IS ORDERED that defendant be placed in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 25th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

7

Case 5:19-cr-00225-FL   Document 41   Filed 08/25/20   Page 7 of 7